IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICKEY A. MADDOX, #A0723747, | ) | Civ. No. 18-00258 DKW-RLP |
|---|---|---|
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| vs. | ) | WITH PREJUDICE AND DENYING |
| | ) | CERTIFICATE OF |
| TODD THOMAS, | ) | APPEALABILITY |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the court is Petitioner Mickey A. Maddox's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Maddox challenges his conviction and sentence in *State v. Maddox*, Cr. No. 09-1-0284 (Haw. 2d Cir.) ("2009 Case").

Respondent moved to dismiss the Petition on December 13, 2018. *See* ECF Nos. 9 and 11 (duplicate). Maddox filed his Response on January 7, 2019. ECF No. 19. The Court has carefully reviewed the record herein and the full record in *Maddox v. Thomas*, No. 1:18-cv-00133 DKW-RLP (D. Haw. 2018), through which Maddox originally challenged Cr. No. 09-1-0284. For the following reasons, the Petition is DISMISSED with prejudice, and any request for a certificate of appealability is DENIED.

# I. BACKGROUND

On March 19, 2007, Maddox was indicted for attempted escape in the second degree and promoting prison contraband in the first degree[1] in *State v. Maddox*, Cr. No. 07-1-0139 (Haw. 2d Cir.) ("2007 Case"). On May 15, 2009, the circuit court orally dismissed the 2007 Case without prejudice for violation of Maddox's speedy trial rights under Hawaii Rules of Penal Procedure (HRPP) Rule 48.[2] The circuit court stated that it would dismiss the case with prejudice if the State failed to re-indict Maddox or hold a probable cause determination by June 9, 2009. *See* No. 1:18-cv-00133 DKW-RLP, ECF No. 1-23. Maddox says that he instructed his trial counsel to file a notice of appeal, but his attorney abandoned him after the circuit court orally dismissed the case. *See Maddox*, 141 Haw. at 199-201. Maddox filed two pro se notices of appeal, which the Hawaii Intermediate Court of Appeals (ICA) dismissed for lack of appellate jurisdiction because the circuit court had not yet filed a written order of dismissal terminating the 2007 Case. *Id.* at 200.

---

[1]In violation of Hawaii Revised Statutes (HRS) §§ 705-500(1) (criminal attempt) and 710-1021(1) (Escape in the second degree) (Class C felony); and § 710-1022(1)(b) (Promoting prison contraband in the first degree) (Class B felony).

[2]The circuit court denied Maddox's motion to dismiss insofar as he alleged speedy trial violations under the United States Constitution or the Hawaii Constitution. *Maddox v. State*, 141 Haw. 196, 200 (Haw. 2017); *see also* No. 1:18-cv-00133 DKW-RLP, ECF No. 1-23.

On May 29, 2009, the State re-indicted Maddox in the 2009 Case on identical charges to those dismissed in the 2007 Case. The new indictment, however, stated that if Maddox was convicted, he may be subject to extended term sentences as a persistent and multiple offender.[3] *See* Resp't Ex. C, ECF No. 10-3.

On January 7, 2010, the circuit court entered a written order formally terminating the 2007 Case without prejudice. Maddox says that he did not appeal this final determination because he never received notice of the order. He alleges that if he had been able to appeal, and was successful, he could not have been convicted in the 2009 Case.

On June 28, 2010, Maddox pled no contest to both charges in the 2009 Case pursuant to a plea agreement in which he waived his right to appeal and agreed to dismiss all pending appeals and motions in exchange for a sentence of probation. On August 27, 2010, the circuit court sentenced Maddox to five years probation,[4] and judgment was entered on August 30, 2010.

On February 19, 2013, after a bench warrant had been issued for revocation of probation and Maddox was extradited from California to Hawaii, he admitted to violating the terms and conditions of his probation in the 2009 Case. On April 25,

---

[3] Pursuant to HRS §§ 706-661 and 706-662.

[4] Maddox was also sentenced to concurrent one-year probation in Cr. No. 09-1-0675. *See* Resp't Ex. P (circuit court's Aug. 21, 2014 Order denying Maddox's HRPP Rule 40 Petition).

2013, the circuit court revoked Maddox's probation and resentenced him to concurrent five- and ten-year sentences for the two charges in the 2009 Case and entered a new judgment.

The next day, April 26, 2013, Maddox filed an HRPP Rule 40 Petition for Post-Conviction Relief ("Rule 40 Petition"), in which he challenged, *inter alia*, the dismissal without prejudice of the 2007 Case (alleging abandonment by and ineffective assistance of counsel), and numerous other issues relating to both the 2007 Case and the 2009 Case. *See Maddox v. State*, 2PR131000004 (Haw. Cir. 2013) (also referred to as SPP No. 13-1-0004). The circuit court denied the Rule 40 Petition in its entirety, finding that all issues had been previously raised and ruled upon, and thus, were procedurally defaulted under HRPP Rule 40(a)(3).[5] Resp't Ex. P. The ICA affirmed the circuit court by summary disposition order on

---

[5]Rule 40(a)(3) states:

Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

4

March 31, 2016.  *See* Resp't Ex. R; *Maddox v. State*, 2016 WL 1600699 (Haw. App. 2016).

On December 14, 2017, the Hawaii Supreme Court found that Maddox "raised colorable claims for post-conviction relief based upon grounds of ineffective assistance of counsel and abandonment of representation by defense counsel" in the 2007 Case.  *Maddox*, 141 Haw. at 199.  The supreme court vacated the ICA and circuit court's decisions and remanded the Rule 40 Petition to the circuit court with instructions to conduct an evidentiary hearing on Ground G only, regarding Maddox's claims that his trial counsel in the 2007 Case was ineffective for failing to file an appeal after Maddox requested that he do so and had abandoned Maddox during a critical stage of the case.  *Id.* at 208.  The Hawaii Supreme Court stated that, "these facts, if true, would entitle Maddox to proceed with his appeal [in the 2007 Case] at this juncture."  *Id.*  In so holding, the supreme court expressly rejected Maddox's remaining claims, including all claims specifically pertaining to the 2009 Case, as either waived or without merit.  *See id.*, n.34 (discussing Maddox's thirteen remaining claims).

On January 10, 2018, the Hawaii Supreme Court denied Maddox's request for reconsideration.  Maddox is represented by counsel in the Rule 40 Petition, but to date, the circuit court has not issued an order regarding the Rule 40 Petition, and

it remains pending. *See* Hawaii State Judiciary, http://hoohiki.courts.hawaii.gov. (2PR131000004 Maddox, last visited Mar. 27, 2019). Maddox is scheduled to be released on April 1, 2019. *See* https://www.vinelink.com/#/searchResults.

On April 9, 2018, Maddox filed a federal habeas action challenging the judgments in the 2007 and 2009 Cases, raising seven grounds for relief. *See Maddox v. Thomas*, No. 1:18-cv-00133 DKW-RLP, Pet., ECF No. 1. After the court instructed Maddox to file a separate petition for each case, he filed the present Petition on June 29, 2018, and the Clerk of Court opened the present case. Pet., ECF No. 1.

## II. **LEGAL STANDARD**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petition for habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in a decision that either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

## III. DISCUSSION

Respondent contends that Maddox's Rule 40 Petition remains pending in the circuit court and argues that the Petition must therefore be dismissed for lack of exhaustion because available state court remedies remain.

Maddox argues that Respondent's characterization of his claims is incorrect, conceding only that Ground One presents "a new issue created by the State of Hawaii Supreme Court's December 14, 2017 ruling." Pet., ECF No. 1, PageID #8. Maddox further asserts that Respondent fails to rebut his claims of constitutional error and urges the court to consider his claims and immediately release him.

**A. Exhaustion**

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (*en banc*). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To fully exhaust, a petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged

constitutional errors at each level of appellate review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not exhausted his claims "if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Exhaustion is a matter of comity, not jurisdiction. *Rose*, 455 U.S. at 518. A federal court may therefore dismiss with prejudice a "plainly meritless" habeas claim, notwithstanding a petitioner's failure to exhaust an issue. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

**B.     Procedural Default**

A court may deem a petitioner's claims exhausted if it is clear that there are no remaining state remedies available to adequately address the violation of his rights. *See* § 2254(b)(1)(B), (c); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). Thus, if a petitioner raised a federal claim in the state court and the highest state court with the ability to grant relief declined to address the issue based on a state procedural rule, exhaustion is technically satisfied, but the petitioner's procedural default may bar a federal court from considering it. *See Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007); *Coleman v. Thompson*, 501 U.S.

722, 729-30 (1991). The procedural bar relied on by the state court must be independent of federal law and adequate to warrant preclusion of federal review. *Id.*; *Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016).

The Ninth Circuit Court of Appeals has held that HRPP Rule 40(a)(3) is consistently applied and is an adequate and independent state procedural rule sufficient to support a procedural default. *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003); *see also Tia v. Espinda*, 2012 WL 5398805, at *4 (D. Haw. Nov. 1, 2012) (holding petition was procedurally barred from federal review under HRPP Rule 40(a)(3)); *Elizares v. Parker*, 2007 WL 2048832, at *23 (D.Haw. July 12, 2007) (same), *aff'd*, 2009 WL 766506 (9th Cir. Mar. 24, 2009). Thus, in Hawaii, if no remedies are available under HRPP Rule 40, the claim is "technically" exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 732, 735 n.1; *see also Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010) (equating technical exhaustion with implied procedural bar).

A procedurally defaulted claim is generally precluded from federal habeas review unless the prisoner can demonstrate cause for the procedural default *and* actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## C. Grounds One and Four are Without Merit

Although Grounds One and Four of the Petition are either fully unexhausted (Ground One) or procedurally defaulted (Ground Four), they are also clearly without merit and are dismissed on that basis.

### 1. *Ground One*

Maddox argues that, because the Hawaii Supreme Court found that his ineffective assistance of and abandonment by counsel claims in Ground G of his Rule 40 Petition were colorable, it was required to dismiss the 2007 Case with prejudice for "structural error," and its remand to the circuit court was in error. Pet., ECF No. 1, PageID #7.

First, the supreme court did not hold that Maddox was denied counsel on appeal through trial counsel's alleged ineffectiveness or abandonment. It unequivocally stated that Maddox raised *colorable* claims in Ground G, meaning the circuit court was required to hold an evidentiary hearing on those claims under HRPP 40(f) to determine the underlying facts supporting this claim. The supreme court stated that, only if "these *alleged* facts indicate that trial counsel effectively abandoned Maddox for the substantial duration or the entirety of a critical stage in the 2007 case," "*would [this] be* prejudicial." *Maddox*, 141 Haw. at 207-08 (emphasis added).

Second, if the circuit court determines that Maddox was effectively denied counsel on appeal, while prejudice will be presumed,[6] the remedy is not dismissal with prejudice of the 2007 Case, but rather, the opportunity to appeal. "When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal." *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019). That will "restore the status quo that existed before counsel's deficient performance forfeited the appeal, and . . . allows an appellate court to consider the appeal as that court otherwise would have done – on direct review, and assisted by counsel's briefing." *Id.*

The Hawaii Supreme Court's decision to remand the Rule 40 Petition for the circuit court to hold an evidentiary hearing on the claims in Ground G was not contrary to nor an unreasonable application of Supreme Court law, and Ground One, although admittedly unexhausted, is DISMISSED with prejudice.

## 2. *Ground Four*

Maddox argues that, because the original indictment in the 2007 Case did not include the possibility of extended term sentences, the State was precluded

---

[6]*See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (holding prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken"); *Penson v. Ohio*, 488 U.S. 75, 88 (1988) (holding prejudice presumed when defendant is left "entirely without the assistance of counsel on appeal"); *United States v. Cronic*, 466 U.S. 648, 659 (1984) (holding prejudice is presumed "if the accused is denied counsel at a critical stage of his trial").

11

from including them in the new indictment under the principles of "Res Judicata and/or Collateral Estoppel." Pet., ECF No. 1, PageID #12.

First, Maddox points to no ruling by the circuit court, express agreement with the State, or federal or state law that precluded his indictment on new charges with the possibility of an extended sentence after the 2007 Case was dismissed without prejudice. To be clear, there is no evidence that the State purposefully delayed the 2007 Case and then moved to dismiss it so that it could file a new indictment with extended term sentencing to harass Maddox or gain a tactical advantage. *Cf. United States v. Solomon*, 749 F. App'x 647, 648 (9th Cir. 2019) (discussing analogous standards under the federal Speedy Trial Act and Fed.R.Crim.P. 48, and stating that the mere possibility of a harsher sentence is insufficient to show "actual, non-speculative prejudice from the delay," which is required to dismiss an indictment *with* prejudice) (citing *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)); *United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003) (same); *United States v. Martinez*, 77 F.3d 332, 337 (9th Cir. 1996) (reversing district court's dismissal of indictment with prejudice, because prejudice from an increased criminal history category was speculative given the possibility of a downward departure at sentencing for overstated criminal history category); *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir. 1989) (holding

that the defendant's allegation "that the delay prevented him from serving his sentence concurrently with an earlier rape sentence, which would have reduced his total period of confinement," was "too speculative to establish actual prejudice").

Rather, Maddox moved for dismissal on speedy trial grounds. The circuit court agreed and dismissed the charges without prejudice after carefully applying the factors set forth in *State v. Estencion*, 625 P.2d 1040, 1044, 63 Haw. 264, 269 (Haw. 1981), to determine whether the dismissal should be with or without prejudice.[7] Maddox does not explain why the new indictment was defective, and the possibility of extended terms under the new indictment was too speculative to warrant dismissal with prejudice of the 2007 Case.

Second, the State withdrew the possibility of "repeat offender mandatory minimum sentencing or extended term sentencing" in Maddox's plea agreement, *see* Resp't Ex. E, and Maddox was never subject or sentenced to extended term

---

[7]*Estencion* held that HRPP Rule 48(b) explicitly adopted the language of the Federal Speedy Trial Act, which grants the trial court discretion to dismiss a case with or without prejudice, after considering "the seriousness of the offense, the facts and the circumstances of the case that led to the dismissal, and the impact of a reprosecution on the administration of justice." 625 P.2d at 1044.

sentences once he entered the plea agreement.[8]  Ground Four is without merit, as the Hawaii Supreme Court held, and is DISMISSED with prejudice.

**D.	Grounds Two and Three Are Procedurally Barred**

Respondent argues that *all* of Maddox's claims for relief are unexhausted because the Rule 40 Petition remains pending before the circuit court, and therefore, state court remedies remain available.  Exhaustion is technically satisfied when there is an absence of available state judicial remedies.  *See Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'"); *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting *Coleman*, 501 U.S. at 732) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

The Hawaii Supreme Court clearly stated, however, that "Maddox's thirteen remaining questions on certiorari, . . . are either waived or without merit." *Maddox*, 141 Haw. at 208 n.34.  The supreme court further clarified that "Questions 6, 10, and 14 pertain to challenges regarding the 2009 case; however,

---

[8] Escape in the second degree, a class C felony, qualifies for a five-year maximum term; promoting prison contraband in the first degree, a class B felony, qualifies for a ten-year maximum term.  *See* HRS 706-660.  Maddox was sentenced to the maximum terms for both charges, but was not given extended term sentences.

14

no appeal was taken from the conviction in that case, nor does Maddox provide any reason why these claims could not have been raised, and thus they are waived under HRPP Rule 40(a)(3)." *Id.* And, the Rule 40 Petition was explicitly remanded for consideration of Ground G only, relating to the alleged denial of counsel on appeal. These facts compel the conclusion that Maddox has satisfied the exhaustion requirement because he has no available remedies for relief on his claims here.

The Hawaii circuit court will almost certainly reject Maddox's claims regarding the 2009 Case as procedurally defaulted, as it did before. *See Harris v. Reed*, 489 U.S. 255, 268 (O'Connor, J., concurring) ("[I]n determining whether a remedy for a particular constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim."). In fact, each state court to review Maddox's constitutional claims regarding the 2009 Case has held that they were waived, that is, procedurally defaulted, and without merit. Taken together, these statements clearly indicate that *all* claims raised in the Rule 40 Petition regarding the 2009 Case, whether set forth in the petition for certiorari or in the Rule 40 Petition, are procedurally defaulted under HRPP Rule 40(a)(3).

Grounds Two and Three are therefore technically exhausted, yet procedurally defaulted in the state courts. Unless Maddox can show cause for his failure to raise them in a procedurally appropriate manner in the state courts and prejudice for this failure, or that he is actually innocent of the charges in the 2009 Case, these claims are procedurally barred from federal review.

### 1. *No Showing of Cause*

To show "cause" for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). If a petitioner fails to show either cause or prejudice, the court need not address the other prong. *Id.* at 168.

In Ground Two, Maddox asserts that the State illegally held him for two weeks after the 2007 Case was dismissed, when he was not yet charged in the 2009 Case, violating his speedy trial rights. He also alleges that the circuit court lacked jurisdiction over the 2009 Case until the 2007 Case was formally dismissed, the

16

Family Court lacked jurisdiction over the 2009 Case when it denied Maddox the right to file a notice of appeal in the 2007 Case, and that his plea agreement illegally required him to waive his right to appeal.[9]

In Ground Three, Maddox asserts that his prosecution and conviction in the 2009 Case violated the Fifth Amendment's protection against double jeopardy, because the 2007 Case had not been terminated when he was charged in the 2009 Case.

Maddox was clearly aware of these issues before he pled no contest in the 2009 Case with the assistance of counsel on June 28, 2010, and was sentenced to probation on August 27, 2010. Although Maddox agreed to waive his right to directly appeal his conviction and sentence in exchange for probation, he fails to explain why he was unable to file a post-conviction petition under HRPP Rule 40, collaterally raising these constitutional claims of error *before* he was resentenced to incarceration on April 25, 2013. Maddox was on probation from August 27, 2010, until his arrest for a probation violation on June 13, 2011, when he posted bail and

---

[9]The jurisdiction of the state circuit or family courts over Maddox's claims is a matter of state law only and is not cognizable under § 2254, which is limited to violations of federal law. 28 U.S.C. § 2254(a). Moreover, a knowing and voluntary waiver of the right to appeal is clearly legal and enforceable. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1996) (holding a waiver of appeal is enforceable as part of a negotiated plea agreement if it is made voluntarily and knowingly); *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993) (same with respect to collateral attack). Maddox does not allege that his plea agreement was involuntary or unknowing.

17

was released again.  *See* Resp't Ex. P, ECF No. 10-16, PageID #178-79.   He then failed to appear at his probation revocation hearing and was finally arrested in May 2012 in California.  *Id.*  Thus, Maddox was not incarcerated for approximately twenty-one months, yet failed to pursue any collateral challenge to his allegedly illegal conviction.  Maddox then did nothing to challenge his conviction between May 2012 and April 2013, when he was resentenced, although he was represented by counsel during this time.  As the Hawaii Supreme Court stated, "no appeal was taken from the conviction of that case, nor does Maddox provide any reason why these claims could not have been raised."  *Maddox*, 141 Haw. at 208, n.34. Maddox fails to demonstrate any objective, external factor that prevented him from collaterally challenging the alleged constitutional infirmities in his 2009 Case conviction.  *See Murray*, 477 U.S. at 488.  He therefore fails to show cause for his procedural default, and the court need not determine whether he can show prejudice.

### 2. *No Actual Innocence*

If a petitioner cannot show cause or prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that failure to consider it will result in a "fundamental miscarriage of justice."  *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011).  To show a

miscarriage of justice, a petitioner must make a colorable showing of factual innocence, *Herrera v. Collins*, 506 U.S. 390, 404 (1993), meaning that the new evidence presented shows "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (holding defendant must establish "factual innocence, not mere legal insufficiency" to overcome procedural default).

Maddox pled guilty to his charges of escape and possession of contraband. Moreover, in his original habeas petition challenging both the 2007 and 2009 Cases, Maddox admitted that "after an attempt to murder the Petitioner . . . Petitioner made an attempt to escape the facility." *See Maddox*, No. 18-cv-00133 DKW, Mem. in Support of Pet., ECF No. 1-1, PageID #29. Maddox raises only alleged legal infirmities in his prosecution, and nothing within the record supports his actual innocence of the charges for which he was convicted.

Grounds Two and Three are DISMISSED with prejudice as procedurally barred from federal review.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED with prejudice. Any pending

motions are DENIED. The Clerk of Court shall terminate this action and enter judgment.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because Maddox has not shown that "jurists of reason would find it debatable whether:" (1) "the petition states a valid claim of the denial of a constitutional right;" and (2) "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED: April 2, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

<u>Mickey A. Maddox vs. Todd Thomas</u>; Civil No. 18-00258 RLP; **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

*Maddox v. Harrington*, No. 1:18-cv-00258-DKW-RLP; PSA Hab '19 (dsm proc. bar)